UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIGUEL RIVERA, #64650, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 05 C 6272 |
| | ) | |
| LAWRENCE GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendant Lawrence Garcia for summary judgment on the complaint of Plaintiff Miguel Rivera. For the reasons set forth below, the motion is granted.

## BACKGROUND

In June 2005, Rivera was an inmate at the Stateville Correctional Center. Garcia was a correctional sergeant working at Stateville at that time. This suit arises out of events that occurred on the morning of June 28.

Both parties agree on the following points. Garcia was assigned to the area where Rivera was housed on that morning. Garcia came to Rivera's cell and told him to begin packing his personal property because he was being transferred from Stateville

to Pontiac Correctional Center. Rivera told Garcia that he did not want to go to Pontiac. Rivera then cut his arm with piece of mirror. He received medical attention for the wound at approximately 11 am, after calling his attorney to complain that he had not yet been seen by a doctor for his cut. Rivera was taken to the infirmary, where his wound was treated. An entry in his medical records dated June 28 at 9:40 pm states that the cut was in his left arm and characterized it as "superficial." Pl.'s Exh. 5, p. 6. There is no evidence in the record that Rivera did not fully recover from the injury.

The parties disagree on several points. According to Rivera's version, Garcia came to his cell at approximately 8 am and told him to begin packing his belongings. He was accompanied by another inmate named M. Jeff,[1] a member of the Black Disciples gang. Rivera contends that he and Jeff were sworn enemies. Garcia let Jeff into Rivera's cell to pack Rivera's things, despite Rivera telling Garcia that Jeff was his enemy. Rivera states that after Garcia and Jeff left his cell, Garcia watched as Rivera cut his arm and then refused to call for medical help. Garcia then allowed Rivera to bleed for three hours until another prison employee named Mike saw Rivera's injury and gave him a phone to call his attorney, who then called the warden's office and requested that Rivera be given immediate medical attention. That call

---

[1]In earlier submissions, Rivera referred to this inmate as Jeff Musgrove.

prompted the assistant warden to contact the prison medical staff, and a medical technician arrived about 10 minutes later.

According to Garcia's version, he went to Rivera's cell at 10:45 am. He does not indicate whether he was alone. When Garcia arrived and told Rivera to pack his things in preparation for the transfer to Pontiac, Rivera expressed his unwillingness to leave Stateville and threatened to cut himself. Apparently unconvinced that Rivera would make good on his threat, Garcia walked away and thus was not present when Rivera actually cut himself. Upon learning from an unidentified correctional officer about Rivera's injury, he "immediately" called for a medical technician, who arrived 5 or 10 minutes later. Def.'s Exh. 3, ¶ 5.

On October 31, 2005, Rivera filed suit under 42 U.S.C. § 1983. He named the warden, the assistant warden, an internal affairs officer, a grievance officer, a correctional officer, and other prison employees. All defendants moved to dismiss the complaint as to them; on March 30, 2006, we granted all of the motions except Garcia's. Discovery proceeded, and at its close, Garcia filed the instant motion for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. Proc. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. *Id.* The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. *Bay v. Cassens Transp. Co.*, 212 F.3d 969, 972 (7th Cir. 2000). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

With these principles in mind, we turn to Garcia's motion.

## DISCUSSION

As is apparent from the above recitation, several factual issues about what happened on the morning of June 28 are in dispute. At first blush, these disagreements would appear to preclude summary judgment. However, only disputes over material

facts, i.e., those that could change the outcome of the suit, need be resolved with a trial. *See Anders v. Waste Mgmt. of Wis.*, 463 F.3d 670, 675 (7th Cir. 2006). Thus, to properly determine whether the case will proceed beyond the summary judgment stage, we must examine whether Garcia would not be entitled to judgment as a matter of law if Rivera was able to establish all of the facts he has set forth at trial.

Rivera first contends that Garcia violated his Eighth Amendment right to be free of cruel and unusual punishment by failing to provide him with basic medical care. Through the Fourteenth Amendment, the Eighth requires states to provide prisoners with adequate medical care. *See Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006). Prison employees shirk this constitutional duty when they are deliberately indifferent to a prisoner's objectively serious medical needs. *See id.* Deliberate indifference can be shown not only by a complete failure to supply medical care but also by a delay in providing medical treatment. *See Langston v. Peters*, 100 F.3d 1235, 1240-41 (7th Cir. 1996). However, delay alone is not sufficient to create liability; rather, the delay must have a verifiable detrimental effect on the prisoner's health. *See id.* Even if we were to accept Rivera's contention that Garcia knowingly allowed 3 hours to go by before medical staff was alerted, he has not provided any indication that the delay led to additional medical issues. For instance, he has not stated that the injury worsened during that time, that the cut became infected, or that he suffered adverse effects from

blood loss. Clearly, we do not condone laxity in seeking prompt medical treatment for injured prisoners. However, the undisputed fact that the medical records described the wound as "superficial" and requiring no treatment beyond dressing indicates that Rivera's medical condition was not adversely affected by the three hours that Rivera claims elapsed. As a result, no Eighth Amendment action can be premised on the delay in treatment.

Rivera's second potential basis for relief rests on the claim that Garcia violated the Eighth Amendment by placing Rivera in substantial risk of serious harm when he allowed Rivera's known enemy to enter his cell. Even if we accept Rivera's contention that Garcia deliberately allowed a known enemy of Rivera's to come into his cell, Rivera only states that he was afraid of M. Jeff and believed that he would harm him. There is no allegation that Jeff cut Rivera or otherwise came into physical contact with him. Thus, at best, Rivera's allegations amount only to a fear that Jeff would harm him. Such fear, no matter how well founded, will not support a § 1983 action for money damages unless it manifested in a reasonably preventable assault. *See Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996). The record does not indicate that Rivera suffered physical harm from M. Jeff, so Garcia's act in placing the two of them in close quarters where harm could have occurred is insufficient to support an Eighth

Amendment action by Rivera. Thus, Garcia is entitled to judgment as a matter of law on the claims of Rivera's complaint.

## CONCLUSION

Based on the foregoing, Garcia's motion for summary judgment is granted.

_Charles P. Kocoras_
Charles P. Kocoras
United States District Judge

Dated:   July 2, 2007